UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MOHAMED ABDWELI ISMAIL,           CIVIL NO. 16-3430 (MJD/DTS)

    Petitioner,

v.                                       REPORT AND RECOMMENDATION

LORETTA LYNCH, et al.,

    Respondents.

This matter is before the undersigned Magistrate Judge of the District Court on Mohamed Abdweli Ismail's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. This case was referred for a Report and Recommendation pursuant to 28 U.S.C. § 636.

For the reasons stated below, it is recommended that the Petition for a Writ of Habeas Corpus be DENIED.

BACKGROUND

Mohamed Abdweli Ismail ("Ismail") is a native and citizen of Somalia. Petition ¶ 6, ECF No. 1. He was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on or about October 21, 2015. *Id.*; Declaration of Christopher A. Campbell (Nov. 18, 2016) ¶ 5, Ex. 1 at 6-7[1] (Notice of Custody Determination), ECF No. 4. On March 25, 2016 an immigration judge ordered Ismail removed to Somalia. Petition ¶ 20, ECF No. 1; Campbell Decl., Ex. 1 at 44-52 (removal order and

---

[1] Exhibit 1 and, below, Exhibit A are each filed as one document on ECF but each contains multiple separately paginated documents. When citing to Exhibit 1 and Exhibit A, the Court will refer to the page numbers assigned by ECF.

memorandum), ECF No. 4. Ismail waived his right to appeal. Petition ¶¶ 6, 11, ECF No. 1. On October 11, 2016 Ismail filed this Petition for a Writ of Habeas Corpus challenging his continued post-removal order detention. ECF No. 1. On November 28, 2016 Respondents filed a Response requesting denial of the Petition because there was a substantial likelihood Ismail would be removed to Somalia in the reasonably foreseeable future. ECF No. 3. Ismail and Respondents agreed that he had cooperated with efforts to obtain a travel document. Petition ¶ 16, ECF No. 1; Campbell Decl. ¶ 16, ECF No. 4. On December 27, 2016 Ismail filed a reply brief. ECF No. 6.

On April 14, 2017, with the Court's permission, Respondents filed a Supplemental Response. ECF No. 9. Respondents stated that, beginning in late November 2016 – after the Petition and original Response had been filed – Somalia introduced an additional requirement for repatriation requests, specifically, a written statement from the person being removed that indicates the person's consent to the removal. *Id.* at 2; Second Declaration of Christopher A. Campbell (Apr. 12, 2017) ¶ 5; ECF No. 10. During a jail visit with Ismail on December 9, 2016, ICE officers asked him to prepare a handwritten letter to comply with the new requirement, but he refused. Second Campbell Decl. ¶ 5, ECF No. 10. On December 16, 2016 Ismail again was asked and again declined to provide a letter. *Id.*

ICE issued to Ismail a January 5, 2017 Notice of Failure to Comply and a February 14, 2017 Form I-229(a) Warning for Failure to Depart, citing Ismail's refusal to write the letter as deliberate interference with the removal process, which extends the removal period under 8 C.F.R. § 241.4(g). *Id.* ¶¶ 8, 10, Ex. A at 1-5. On March 17,

2

2017 Ismail provided a handwritten statement, which ICE forwarded to complete his application for a travel document. *Id.* ¶ 11, Ex. A at 6.

ICE expects Somalia to issue a travel document to Ismail in time for him to be on a charter flight to Somalia scheduled for May/June 2017. *Id.* ¶ 11. Previously, in December 2016 the ICE St. Paul Field Office had requested written statements from twenty-nine Somali nationals who were detained after final orders of removal. *Id.* ¶ 6. Sixteen people complied with the request, and Somalia issued travel documents for all sixteen. *Id.* On January 24, 2017 ninety Somali nationals were removed to Somalia via charter airline, including the sixteen who complied with the additional repatriation requirement. *Id.* ¶ 9. Thirteen Somali nationals, including Ismail, who did not provide the statements were not issued travel documents by Somalia. *Id.* ¶ 7.

## DISCUSSION

A person subject to a final order of removal from the United States cannot be detained indefinitely. *Zadvydas v. Davis*, 533 U.S. 678, 689-90, 699 (2001). Detention up to six months is presumptively reasonable and does not violate the right to due process under the Fifth Amendment to the United States Constitution. *Id.* at 690, 693-94, 701. Detention longer than six months comports with due process if there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Once a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

A post-removal order detainee must cooperate with efforts to effect the detainee's removal. S*ee* 8 U.S.C. § 1231(a)(1)(C) and 8 C.F.R. § 241.4(g)(5)(i)

3

(authorizing extended period of detention if detainee fails or refuses to make timely and good faith application for required travel or other documents or acts to prevent removal). A detainee who obstructs his removal cannot meet his burden to show there is no significant likelihood of removal in the reasonably foreseeable future. *See Hydara v. Gonzales*, No. 07-cv-0941 (PJS/JSM), 2007 WL 2409664, at *2, 5 (D. Minn. Aug. 21, 2007), *aff'd sub nom. Hydara v. Doe*, 324 F. App'x 534 (8th Cir. 2009); *Lema v. INS*, 341 F.3d 853, 856-57 (9th Cir. 2003).

Evidence in the record gives the Court reason to believe that Ismail will be removed to Somalia in the reasonably foreseeable future. Ismail provided a handwritten statement on March 17, 2017 to comply with Somalia's additional requirement for obtaining a travel document. Other Somali detainees who provided such statements received travel documents and were removed to Somalia on the January 24, 2017 charter that removed ninety Somali nationals. It is likely that Ismail would have been on that charter had he likewise provided a written statement when it was first requested in early December 2016.

Ismail's three-month delay in providing a written statement undermines his claim that removal is not likely in the reasonably foreseeable future: as a legal matter, his failure to cooperate deprived him of the ability to meet his burden and, as a factual matter, *actual* removal of ninety Somali nationals took place in the middle of that three-month period of delay. Respondents state that another charter to Somalia is scheduled for May/June 2017, and it is reasonable to believe that Ismail will be on it. Thus, Ismail has not met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future.

4

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT Mohamed Abdiweli Ismail's Petition for a Writ of Habeas Corpus [ECF 1] be DENIED.

Dated: April 25, 2017

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.